UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROE, a minor, by and through her Guardian ad Litem, JUSTIN SLAGLE, <br><br> Plaintiff, <br><br> v. <br><br> GROSSMONT UNION HIGH SCHOOL DISTRICT, et al., <br><br> Defendants. | Case No.: 19-cv-1966-CAB-BGS <br><br> **ORDER:** <br> **(1) DOCKETING JOINT EX PARTE MOTION** <br> **(2) DENYING JOINT EX PARTE MOTION FOR IN CAMERA REVIEW OF STUDENT RECORDS** |

Plaintiff ROE and Defendants GROSSMONT UNION HIGH SCHOOL DISTRICT, APRIL BAKER, JOSH REIDERER, ROBIN BALLARIN, and MICHAEL FALCONER ("the Parties"), submitted to the Court through email a Joint *Ex Parte* Motion for *In Camera* Review of the student file of newly-named Cross-Defendant JOHN DOE.[1]  The Parties move the Court to issue an order releasing those records after *in camera* review.  For the reasons set for the below, the Court **ORDERS** the Clerk to file the Joint *Ex Parte* Motion in the case docket and the Court **DENIES** the motion.

---

[1] Defendants filed a Cross-Claim for equitable indemnity apportionment, and contribution, against JOHN DOE on June 4, 2020.  (ECF 33.)

1

## I.   DISCUSSION

Under Family Educational Rights and Privacy Act ("FERPA"), an educational institution may disclose personally identifying information about a student without the student's consent if "[t]he disclosure is to comply with a judicial order or lawfully issued subpoena." *See* 34 C.F.R. §99.3l(a)(9)(i).  However, lawful disclosure is conditioned on the institution making a "reasonable effort to notify the parent or eligible student of the order or subpoena in advance of compliance, so that the parent or eligible student may seek protective action." *See* 34 C.F.R. § 99.31(a)(9)(ii).

There are numerous issues with this submission.  First, although the Parties have indicated that the parents of DOE were notified the Parties intended to file this *Ex Parte* motion for a court order in the letter requesting their consent to disclose the records, they did not file the *Ex Parte* Motion in the case docket.  There is no indication it was served on DOE after submission to the Court or any explanation why this relief is being sought without notice to an opposing party in the case.  This Court requires parties[2] to meet and confer to attempt to resolve disputes and then jointly contacted the Court to allow the Court to set a briefing schedule *before* filing a motion.  (Chambers Rules V.A-B; Civil Local Rules 26.1 (meet and confer required before filing any discovery motion).[3])  Afterall, both parties for their own reasons are moving this Court to order disclosure of confidential educational records of Cross-Defendant JOHN DOE.  On this basis alone the *Ex Parte* Motion request is denied.

---

[2] To the extent the parties did not attempt to meet and confer with opposing counsel for DOE because DOE has not yet appeared in the case, the parties do not address the urgency.  Although the Court encourages parties to proceed with discovery diligently and efficiently, it should not happen at the expense of the meet and confer process.

[3] Although current restrictions resulting from COVID-19 have relieved counsel of their obligation to meet and confer in-person, parties are still required to meet and confer by phone.

Further, and importantly, the Court finds this *Ex Parte* Motion deficient in meeting their burden. FERPA "does not provide a privilege preventing disclosure of student records." *Alig-Meilcarek v. Jackson*, 286 F.R.D. 521, 526 (N.D. Ga. 2012.) Instead, it protects the confidentiality of educational records by threatening financial sanctions. *Id.* However, courts have imposed a heavier burden on parties seeking disclosure of educational records to show that their interest in obtaining the records outweighs the students' privacy interest. *Id.*; *see also Rios v Read*, 73 F.R.D. 589, 598 (E.D.N.Y. 1977) (stating FERPA "does not provide a privilege against disclosure of student records," but it does place a "heavier burden on a party seeking access to student records to justify disclosure"). "[C]ourts have ordered disclosure of educational records when the records are clearly relevant to the claims at issue." *Black v. Kyle-Reno*, 2014 WL 667788, *2 (S.D. Ohio Feb. 20, 2014) (collecting cases).

For a court to decide this motion, each party would need to meet this heavier relevance burden. Both parties have varying interests in obtaining the records, yet neither addresses what records each seeks, and the relevance of the records to important issues in the case. *See* Fed. R. Evid. 401 (defining relevance). Nor has either party addressed the proportionality factors of amended Rule 26(b) in regard to DOE's privacy interest. They have not shown that their interest in obtaining the records outweighs the student's privacy interest. If the Parties' legitimate objectives can be readily accomplished by alternative means having little or no impact on privacy interests, the prospect of actionable invasion of privacy is enhanced. *See Hill v. Nat'l Collegiate Athletic Assn.*, 7 Cal. 4th 1, 37–38 (1994). Neither party has met its burden in this *Ex Parte* motion.[4]

---

[4] The Court denies any request to conduct *in camera* review of the entire student file. The parties have not identified the specific records in the file that they seek, have not provided full explanation as to how those records are relevant to specific issues in dispute, nor have they addressed the proportionality factors in amended Rule 26(b).

**II.  CONCLUSION**

The *Ex Parte* Motion is **DENIED** without prejudice.

**IT IS SO ORDERED.**

Dated:  June 16, 2020

*[signature]*

Hon. Bernard G. Skomal
United States Magistrate Judge